

**MDL 1850**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 3 0 2007

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL

# ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re:<br><br>PET FOOD PRODUCT LIABILITY LITIGATION | MDL No. _____ |

## PLAINTIFF SHIRLEY SEXTON'S MOTION FOR TRANSFER AND COORDINATION OR CONSOLIDATION UNDER 28 U.S.C. § 1407

Mark J. Tamblyn
**WEXLER TORISEVA WALLACE LLP**
1610 Arden Way, Suite 290
Sacramento, CA  95815
Telephone:  (916) 568-1100
Facsimile:  (916) 568-7890

Stuart C. Talley
**KERSHAW, CUTTER & RATINOFF, LLP**
980 9th Street, 19th Floor
Sacramento, California  95814
Telephone: (916) 448-9800
Facsimile:  (916) 669-4499

Attorneys for Individual and Representative
Plaintiff, *Shirley Sexton*

**OFFICIAL FILE COPY**

JUDICIAL PANEL ON MULTIDISTRICT
2007 MAR 29 A 10:45
RECEIVED CLERK'S OFFICE

IMAGED APR 2 2007

PLEADING NO. 1

Dockets.Justia.com

Plaintiff in the action listed below, by her attorneys, moves the Panel pursuant to 28 U.S.C. § 1407 to transfer the pending cases identified in the schedule filed concurrently herewith to the United States District Court for the Central District of California, and to consolidate them for pretrial purposes before the Honorable George H. King.

As set forth below and in the accompanying Memorandum, Movant believes the actions listed on the accompanying Schedule of Actions satisfy the requirements for consolidation and coordination because they concern common questions of fact and law and consolidation or coordination will serve the interests of efficiency and convenience.

In support of this Motion, Movant states as follows:

1.      Movant is the plaintiff in the following case:

**_Shirley Sexton v. Menu Foods Income Fund, Inc._**
United State District Court for the Central District of California
Case No. 07-cv-01958-GHK (AJWx).

2.      The *Sexton Action* is a class action brought on behalf of all United States' residents who purchased contaminated pet food from Menu Foods Income Fund, Menu Foods Inc., and Menu Foods Midwest Corporation (collectively referred to as "Menu Foods").

3.      Specifically, the *Sexton Action* alleges that Menu Foods sold contaminated pet food to the general public that could cause severe injuries and death to pets that consumed the food.

4.      The *Sexton Action* seeks damages on behalf of all individuals who purchased the defendant's contaminated pet food.

5.      The factual allegations in the related actions contain identical allegations concerning the defendant's sale of contaminated pet food to the public. (See Complaints attached hereto as Exhibits A (*Sexton*), B (*Holt*) C (*Sims*), D (*Majerczyk*), E (*Whaley*), and F (*Workman*). The cases are all similar with respect to the legal theories supporting

their claims. All of the plaintiffs assert claims for compensatory damages, claims under state unfair and deceptive acts statutes, as well as common law claims, arising out of the defendant's conduct. Moreover each of the related actions is a class action and seeks relief on behalf of the same class of persons: all persons who purchased the contaminated pet food sold by the defendant. In each case, the district court will be asked to determine the following factual and legal issues raised against defendants:

a) Whether Defendants intentionally, recklessly or negligently authorized injurious pet food to enter the market;

b) Whether Defendants failed to properly test their "cuts and gravy" style dog and cat food before market entry of such foods;

c) Whether Defendants intentionally, recklessly or negligently delayed in instituting a recall of its "cuts and gravy" style dog and cat food;

d) Whether Defendants' recall is adquate and properly notifies potentially affected consumers;

e) Whether Defendants' conduct constituted unlawful, unfair, or fradulent business practices under state consumer protections statutes;

f) Whether Defendants have been unjustly enriched as a result of their conduct;

g) Whether Plaintiff and members of the Class have sustained damages as a result of Defendants' conduct, and, if so, what is there appropriate measure of damages; and

h) Whether Plaintiff and members of the Class are entitled to punitive damages, and, if so, in what amount.

6.      Discovery conducted in each of the actions proposed for consolidation will be substantially similar, and will involve the same or similar documents and witnesses, since each case arises from virtually identical operative facts relating to Menu Food's conduct.

MOTION FOR TRANSFER AND COORDINATION OR CONSOLIDATION

7.     Absent transfer of all of these cases to a single forum for coordinated and consolidated pretrial proceedings, there is a substantial risk of inconsistent and conflicting pretrial rulings on discovery and other key issues, such as class certification.

8.     There has been no discovery in any of the actions and no initial disclosures have been made.  Since all actions are in the beginning stage of litigation, no prejudice or inconvenience will result from transfer, coordination, and/or consolidation.

9.     Efficiency in the administration of justice will be served by consolidation, because one judge rather than three judges can supervise all pretrial proceedings and render rulings that are consistent for all plaintiffs on common issues.

10.     For the reasons stated in this Motion and the Memorandum of Law submitted herewith, Movant respectfully request that all cases listed in the attached schedule be transferred to the United States District Court for the Central District of California to be consolidated for pretrial purposes before the Honorable George H. King.

Dated:  _3-26-07_          **KERSHAW, CUTTER & RATINOFF, LLP**

By:

STUART C. TALLEY
980 9th Street, 19th Floor
Sacramento, California 95814
Telephone: (916) 448-9800
Facsimile: (916) 669-4499

Mark J. Tamblyn
**WEXLER TORISEVA WALLACE LLP**
1610 Arden Way, Suite 290
Sacramento, CA  95815
Telephone:  (916) 568-1100
Facsimile:  (916) 568-7890

Kenneth A. Wexler
**WEXLER TORISEVA WALLACE LLP**
One North LaSalle St., Suite 2000
Chicago, Illinois  60602
Telephone:  (312) 346-2222
Facsimile:  (312) 346-0022

Attorneys for *Plaintiff/Petitioner, Shirley Sexton*

4

MOTION FOR TRANSFER AND COORDINATION OR CONSOLIDATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 3 0 2007

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL

## ON MULTIDISTRICT LITIGATION

In re:

PET FOOD PRODUCT LIABILITY
LITIGATION

MDL No. _____

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TRANSFER AND COORDINATION OR CONSOLIDATION UNDER 28 U.S.C. § 1407

Mark J. Tamblyn
**WEXLER TORISEVA WALLACE LLP**
1610 Arden Way, Suite 290
Sacramento, CA  95815
Telephone:  (916) 568-1100
Facsimile:  (916) 568-7890

Stuart C. Talley
**KERSHAW, CUTTER & RATINOFF, LLP**
980 9th Street, 19th Floor
Sacramento, California  95814
Telephone: (916) 448-9800
Facsimile:  (916) 669-4499

Attorneys for Individual and Representative
Plaintiff, *Shirley Sexton*

JUDICIAL PANEL ON
MULTIDISTRICT
2007 MAR 29 A 10: 45
RECEIVED
CLERK'S OFFICE

Movant, Shirley Sexton, on behalf of herself and all others similarly situated, ("Movant") seeks transfer and coordination or consolidation under 28 U.S.C. § 1407 of all related "PET FOOD PRODUCT LIABILITY LITIGATION" filed in the federal courts. Plaintiff seeks to have all cases identified in the accompanying schedule transferred to the United States District Court for the Central District of California.

## I.    INTRODUCTION

There are currently six federal actions of which Movant is aware ("the pending cases"), that seek relief for individuals who purchased contaminated pet food from the defendants, Menu Foods Income Fund, Inc., Menu Foods Midwest Corporation, and Menu Foods, Inc. (collectively referred to as "Menu Foods"). The federal courts have original diversity jurisdiction over these state and common law based actions pursuant to The Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).

Specifically, the pending cases allege that Menu Foods sold contaminated pet food to the general public and that individuals whose pets consumed the food suffered severe injuries and, in some cases, death. All of the pending cases seek to certify a class of United States' residents who purchased the contaminated pet food and seek to compensate them for all damages incurred as a result of the defendant's conduct.

None of the six pending cases is advanced and no discovery has been conducted. The actions are currently pending in the District Courts of New Jersey, Tennessee, Arkansas, Illinois, Washington and the Central District of California. Each arises from identical conduct involving the same defendant, and from common questions of law and fact. Prompt coordination and judicial action under the federal court's broad powers should be invoked to promote the efficient prosecution of the pending actions.

///

## II.    ARGUMENT

### A.    Transfer To One District For Coordinated Or Consolidated Pretrial Proceedings Will Promote The Goals Of Ensuring The Just And Efficient Conduct Of The Actions, And Avoiding Inconsistent Or Conflicting Substantive And Procedural Determinations.

The purpose of 28 U.S.C. § 1407 is to provide centralized management, under a single court's supervision, of pretrial proceedings of litigation arising in various districts to ensure the just, efficient and consistent conduct and adjudication of such actions. *In re New York City Mun. Sec. Litig.*, 572 F.2d 49, 50 (2d Cir. 1978).

The transfer of actions to a single forum under § 1407 is appropriate where, as here, it will prevent duplication of discovery, and, most importantly in the instant case, it will eliminate the possibility of overlapping or inconsistent pleading and class action determinations by courts of coordinate jurisdiction. *In re Litig. Arising from Termination of Retirement Plan for Employees of Fireman's Fund Ins. Co.*, 422 F. Supp. 287, 290 (J.P.M.L. 1976); *In re LTV Corp. Sec. Litig.*, 470 F. Supp. 859, 862 (J.P.M.L. 1979); *In re Exterior Siding and Aluminum Coil Litig.*, 538 F. Supp. 45, 47 (D.C. Minn. 1982); *In re "Agent Orange" Prod. Liability Litig.*, 597 F. Supp. 740, 752 (E.D.N.Y. 1984), *affirmed*, 818 F.2d 145 (2d Cir. 1987), *cert. denied*, 484 U.S. 1004 (1988), *on remand*, 689 F.Supp. 1250 (E.D.N.Y. 1988).

As noted above, such transfer and coordination is particularly appropriate at this time because formal discovery is in its infancy in each of the actions. Thus, coordination and transfer will effectuate an obvious savings of time and resources. The litmus test of transferability and coordination under § 1407 is the presence of common questions of fact. *In re Fed. Election Campaign Act Litig.*, 511 F. Supp. 821, 823 (J.P.M.L. 1979). Each of the pending actions is a class action arising directly and explicitly from Menu Food's sale of contaminated pet food to the general public. Proof in the pending actions will plainly involve identical factual issues.

Furthermore, since each of the pending cases is brought as a class action, consistent and efficient rulings on class certification issues are critical. *See, e.g., In Re: Piper Aircraft Distribution Sys. Antitrust Litig.*, 405 F.Supp. 1402, 1403-04 (J.P.M.L. 1970); *In Re: Baldwin-United Corporation Litig.*, 581 F.Supp. 739 (J.P.M.L. 1984); *In Corporation Litig.*, 581 F.Supp. 739 (J.P.M.L. 1984).

**B.    The Convenience of the Parties Will Be Served By Transfer to the Central District of California.**

Transfer will serve the convenience of the parties by drawing the lawsuits to one central location. Lawsuits have now been filed in New Jersey, Washington, Tennessee, Arkansas, Illinois and the Central District of California. Movant respectfully submits that the Central District of California, would be a particularly suitable forum for the just and prompt handling of pretrial proceedings as it offers a convenient location, a skilled and experienced trial judge, an efficiently managed and speedy docket, and a strong interest in the resolution of these claims.

Further, as the situs of one of the nation's busiest airports, the Central District of California, located in downtown Los Angeles, would be easily accessible to all parties, counsel and other participants in the pretrial process. More importantly, however, California as the most populous state in the country, is clearly home to the largest number of Class Members.

Finally, the Honorable George H. King to whom Movant's case is assigned, has substantial experience with class actions and complex commercial litigation developed during 12 years in the federal judiciary. Judge King's depth of experience and reputation for efficiently handling complex cases makes him an exceptional candidate to manage these complex cases.

Additionally, Judge King is currently handling no other MDL matters and his courthouse is home to only 9 MLD's overall. As such, his court will likely be able to dedicate the time and resources to effectively manage these cases.

**C.    The Need For Transfer and Coordination in the Class Action Context.**

Of central concern to Plaintiff is the potential for disruption, confusion and prejudice created by the pendency of at least five actions seeking class-wide relief in five different districts. The Panel has consistently held that when the risk of overlapping or inconsistent class determinations exists, transfer of actions to a single district for coordinated or consolidated pretrial proceedings is necessary in order to eliminate the possibility of inconsistent pretrial rulings, especially concerning class issues. *In re Bristol Bay, Salmon Fishery Antitrust Litig.*, 424 F.Supp. 504, 506 (J.P.M.L. 1976); *In re Litig. Arising from Termination of Retirement Plan for Employees of Fireman's Fund Ins. Co.*, 422 F. Supp. at 290 (J.P.M.L. 1976); *In re Nat'l Airlines, Inc., etc.*, 399 F.Supp. 1405, 1407 (J.P.M.L. 1975); *In re Roadway Express, Inc. Employment Practices Litig.*, 384 F.Supp. 612, 613 (J.P.M.L. 1974). This is true even when only two actions are involved. *In re First Nat'l Bank, etc.*, 451 F.Supp. 995, 997 (J.P.M.L. 1978).

**III.    CONCLUSION**

For the foregoing reasons, and for those stated in the accompanying Motion, Plaintiff respectfully requests that the three pending "PET FOOD PRODUCT LIABILITY LITIGATION" actions be transferred and coordinated and/or consolidated in the District of Massachusetts under 28 U.S.C. § 1407, and that all related individual or class actions be transferred thereto as "tag along actions."

Dated: **3 - 26 - 07**    **KERSHAW, CUTTER & RATINOFF, LLP**

By: _____
    STUART C. TALLEY
    980 9th Street, 19th Floor
    Sacramento, California 95814
    Telephone: (916) 448-9800
    Facsimile: (916) 669-4499

Mark J. Tamblyn
**WEXLER TORISEVA WALLACE LLP**
1610 Arden Way, Suite 290
Sacramento, CA 95815
Telephone: (916) 568-1100
Facsimile: (916) 568-7890

5

Kenneth A. Wexler
**WEXLER TORISEVA WALLACE LLP**
One North LaSalle St., Suite 2000
Chicago, Illinois  60602
Telephone:  (312) 346-2222
Facsimile:  (312) 346-0022

Attorneys for *Plaintiff/Petitioner, Shirley Sexton*

6

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 3 0 2007

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON

# MULTIDISTRICT LITIGATION

In re:

PET FOOD PRODUCT LIABILITY
LITIGATION

MDL No. _____

## REVISED RULE 7.2(a)(ii) SCHEDULE OF ACTIONS

Mark J. Tamblyn
**WEXLER TORISEVA WALLACE LLP**
1610 Arden Way, Suite 290
Sacramento, CA 95815
Telephone: (916) 568-1100
Facsimile: (916) 568-7890

Stuart C. Talley
**KERSHAW, CUTTER & RATINOFF, LLP**
980 9th Street, 19th Floor
Sacramento, California 95814
Telephone: (916) 448-9800
Facsimile: (916) 669-4499

Attorneys for Individual and Representative
Plaintiff, *Shirley Sexton*

RECEIVED
CLERK'S OFFICE
2007 MAR 29 A 10: 45
JUDICIAL PANEL ...

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

*Shirley Sexton v. Menu Foods Income Fund, Menu Foods, Inc., a New Jersey Corporation, and Menu Foods Midwest Corporation, a Delaware corporation*
Case No. 07-cv-01958-GHK (AJWx); The Honorable George H. King

## UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TENNESSEE

*LizaJean Holt v. Menu Foods, Inc.*
Case No. 07-CV-00094-TWP; The Honorable Thomas W. Phillips

## UNITED STATES DISTRICT COURT WESTERN DISTRICT OF ARKANSAS

*Charles Ray Sims and Pamela Sims v. Menu Foods Income Fund, Menu Foods Midwest Corporation, Menu Foods South Dakota Inc., Menu Foods, Inc., Menu Foods Holdings, Inc.*
Case No. 07-CV-05053-JLH; The Honorable Jim Larry Hendren

## UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS

*Dawn Majerczyk v. Menu Foods, Inc., a New Jersey Corporation*
Case No. 07-CV-01543; The Honorable Wayne R. Anderson

## UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON

*Tom Whaley v. Menu Foods, Inc., a foreign corporation, The Iams Company, a foreign corporation, Dog Food Producers Numbers 1-50 and Cat Food Producers 1-40*
Case No. 07-CV-00411-RSM; The Honorable Richardo S. Martinez

## UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

*Jared Workman, and Mark and Mona Cohen v. Menu Foods Limited, Menu Foods, Inc., and Menu Foods Midwest Corporation*
Case No. 07-CV-01338-NLH; The Honorable Noel L. Hillman

Dated: 3-27-07            **KERSHAW, CUTTER & RATINOFF, LLP**

By: _____
STUART C. TALLEY

980 9th Street, 19th Floor
Sacramento, California 95814
Telephone: (916) 448-9800
Facsimile: (916) 669-4499

REVISED RULE 7.2(A)(II) SCHEDULE OF ACTIONS

Mark J. Tamblyn
**WEXLER TORISEVA WALLACE LLP**
1610 Arden Way, Suite 290
Sacramento, CA 95815
Telephone: (916) 568-1100
Facsimile: (916) 568-7890

Kenneth A. Wexler
**WEXLER TORISEVA WALLACE LLP**
One North LaSalle St., Suite 2000
Chicago, Illinois 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Attorneys for *Plaintiff/Petitioner, Shirley Sexton*

REVISED RULE 7.2(A)(II) SCHEDULE OF ACTIONS

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 3 0 2007

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON

## MULTIDISTRICT LITIGATION

In re:

PET FOOD PRODUCT LIABILITY
LITIGATION

MDL Docket No.

## REVISED CERTIFICATE OF SERVICE

Mark J. Tamblyn
**WEXLER TORISEVA WALLACE LLP**
1610 Arden Way, Suite 290
Sacramento, CA 95815
Telephone: (916) 568-1100
Facsimile: (916) 568-7890

Stuart C. Talley
**KERSHAW, CUTTER & RATINOFF, LLP**
980 9th Street, 19th Floor
Sacramento, California 95814
Telephone: (916) 448-9800
Facsimile: (916) 669-4499

Attorneys for Individual and Representative
Plaintiff, *Shirley Sexton*

RECEIVED
CLERK'S OFFICE
2007 MAR 29 A 10: 45

-1-

I, Lisa C. Anderson, employed by Kershaw, Cutter & Ratinoff, LLP, do hereby state under penalty of perjury that:

1.    On March 26, 2007, I caused to be served the following papers:

**PLAINTIFF SHIRLEY SEXTON'S MOTION FOR TRANSFER AND COORDINATION OR CONSOLIDATION UNDER 28 U.S.C. § 1407;**

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TRANSFER AND COORDINATION OR CONSOLIDATION UNDER 28 U.S.C. § 1407;**

**RULE 7.2(a)(ii) SCHEDULE OF ACTIONS.**

2.    On March 26, 2007, I caused those papers to be served by Federal Express upon:

> Michael J. Beck
> Clerk of the Panel
> One Columbus Circle, NE
> Thurgood Marshall Federal
> Judicial Building
> Room G-255, North Lobby
> Washington, D.C.  20002-8004

3.    On March 26, 2007, I caused those papers to be served via First Class Mail upon:

<u>**SEE ATTACHED SERVICE LIST**</u>

Executed on March 26, 2007, at Sacramento, California.

Lisa C. Anderson

-2-

Certificate of Service

## SERVICE LIST

Shirley Sexton v. Menu Foods, Inc., et al.
United States District Court, Central District of California
Civil Action No. 07-cv-01958-GHK

Clerk of the Court
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
312 N. Spring St., #G-8
Los Angeles, CA 90012-4793

Mark J. Tamblyn                    **Counsel for Plaintiff**
**WEXLER TORISEVA WALLACE LLP**    **Shirley Sexton**
1610 Arden Way, Suite 290
Sacramento, CA 95815
Telephone: (916) 568-1100
Facsimile: (916) 568-7890

Kenneth A. Wexler                  **Counsel for Plaintiff**
**WEXLER TORISEVA WALLACE LLP**    **Shirley Sexton**
One North LaSalle St., Suite 2000
Chicago, Illinois 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

**MENU FOODS INCOME FUND**         **Defendant**
8 Falconer Dr.
Streetsville, Ontario
Canada
L5N 1B1

**MENU FOODS, INC.**               **Defendant**
9130 Griffith Morgan Lane
Pennsauken, NJ 08110

**MENU MIDWEST CORPORATION**       **Defendant**
P.O. Box 1046
1400 East Logan Ave.
Emporia, KS 66801

-3-

Certificate of Service

## SERVICE LIST, Cont.

LizaJean Holt v. Menu Foods, Inc.;
United States District Court Eastern District of Tennessee (Knoxville Division)
Civil Action No. 07-cv-00094-TWP

Clerk of the Court
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**(KNOXVILLE DIVISION)**
800 Market St., Suite 130
Knoxville, TN 37902

A. James Andrews                                    **Counsel for Plaintiff**
905 Locust St.                                      **LizaJean Holt**
Knoxville, TN 37902
Telephone: (865) 660-3993
Facsimile:  (865) 523-4623

Perry A. Craft                                      **Counsel for Plaintiff**
**CRAFT & SHEPPARD, PLC**                           **LizaJean Holt**
The Shiloh Building
214 Centerview Dr., Suite 223
Brentwood, TN 37027
Telephone: (615) 309-1707
Facsimile:  (615) 309-1717

Nicole Bass                                         **Counsel for Plaintiff**
905 Locust St.                                      **LizaJean Holt**
Knoxville, TN 37902
Telephone: (865) 310-6804

**MENU FOODS, INC.**                                **Defendant**
9130 Griffith Morgan Lane
Pennsauken, NJ 08110

-4-

## SERVICE LIST, Cont.

Charles Ray Sims, et al. v. Menu Foods, Inc., et al.
United States District Court, Western District of Arkansas (Fayetteville Division)
Civil Action No. 07-cv-05053-JLH

Clerk of the Court
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**(FAYETTEVILLE DIVISION)**
John Paul Hammerschmidt Federal Bldg., Rm. 559
35 East Mountain
Fayetteville, AR 72701-5354

Jason M. Hatfield                    **Counsel for Plaintiffs**
**LUNDY & DAVIS, LLP**               **Charles Ray Sims and Pamela Sims**
300 N. College Ave., Suite 309
Fayetteville, AR 72701
Telephone: (479) 527-3921
Facsimile: (479) 587-9196

**MENU FOODS INCOME FUND**          **Defendant**
8 Falconer Dr.
Streetsville, Ontario
Canada
L5N 1B1

**MENU FOODS MIDWEST**              **Defendant**
**CORPORATION**
C/O The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

**MENU FOODS SOUTH DAKOTA INC.**    **Defendant**
C/O The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

**MENU FOODS, INC.**                **Defendant**
C/O Corporation Trust Company
820 Bear Tavern Rd.
West Trenton, NJ 08628

**MENU FOODS HOLDINGS, INC.**       **Defendant**
C/O The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

-5-

## SERVICE LIST, Cont.

Dawn Majerczyk v. Menu Foods, Inc.:
United States District Court, Northern District Of Illinois (Eastern Division)
Civil Action No. 07-cv-01543-WRA

Clerk of the Court
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**(EASTERN DIVISION)**
Everett McKinley Dirksen Building, 20th Floor
219 South Dearborn St.
Chicago, IL 60604

John Blim                                   **Counsel for Plaintiff**
Jay Edelson                                 **Dawn Majerczyk**
Myles McGuire (Of Counsel)
**BLIM & EDELSON, LLC**
53 West Jackson Blvd., Suite 1642
Chicago, IL 60604
Telephone: (312) 913-9400
Facsimile: (312) 913-9401

**MENU FOODS, INC.**                        **Defendant**
9130 Griffith Morgan Lane
Pennsauken, NJ 08110

-6-

Certificate of Service

## SERVICE LIST, Cont.

Tom Whaley v. Menu Foods, et al.:
United States District Court, Western District of Washington (Seattle)
Civil Action No. 07-cv-00411-RSM

Clerk of the Court
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
700 Stewart St.
Seattle, WA  98101

Michael David Myers                          **Counsel for Plaintiff**
**MYERS & COMPANY, PLLC**                     **Tom Whaley**
1809 Seventh Ave., Suite 700
Seattle, WA  98101
Telephone: (206) 398-1188
Facsimile:  (206) 400-1112

**MENU FOODS**                                **Defendant**
9130 Griffith Morgan Lane
Pennsauken, NJ  08110

**THE IAMS COMPANY**                          **Defendant**
C/O CT Corporation System
818 West Seventh St
Los Angeles, CA  90017

-7-

## SERVICE LIST, Cont.

Workman, et al. v. Menu Foods, Inc., et al.;
United States District Court, District of New Jersey
Civil Action No. 07-cv-01338-NLH

Clerk of the Court
**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
4th & Cooper Streets, Room 1050
Camden, NJ 08101

Donna Siegel Moffa                          **Counsel for Plaintiff**
Lisa J. Rodriguez                           **Jared Workman, Mark and Mona**
**TRUJILLO, RODRIGUEZ &**                   **Cohen**
**RICHARDS, LLC**
8 Kings Highway West
Haddonfield, NJ 08033
Telephone: (856) 795-9002
Facsimile:  (856) 795-9887

Sherrie R. Savett                           **Counsel for Plaintiff**
Michael T. Fantini                          **Jared Workman, Mark and Mona**
Russell D. Paul                             **Cohen**
**BERGER & MONTEGUE, PC**
1622 Locust St.
Philadelphia, PA 19103
Telephone: (215) 875-3000

Robert A. Rovner                            **Counsel for Plaintiff**
Jeffrey I. Zimmerman                        **Jared Workman, Mark and Mona**
**ROVNER, ALLEN, ROVNER,**                  **Cohen**
**ZIMMERMAN & NASH**
175 Bustleton Pike
Feasterville, PA 19053-6456
Telephone: (215) 698-1800

**MENU FOODS LIMITED**                      **Defendant**
8 Falconer Dr.
Streetsville, Ontario
Canada
L5N 1B1

**MENU FOODS, INC.**                        **Defendant**
9130 Griffith Morgan Lane
Pennsauken, NJ 08110

**MENU FOODS MIDWEST**                      **Defendant**
**CORPORATION**
P.O. Box 1046
1400 East Logan Ave.
Emporia, KS 66801

-8-